## ANDREW MIAGHAN, Respondent, v. THE HARTFORD FIRE INSURANCE COMPANY, Appellant.

*Reformation of contract — what must be shown to justify — Insurance policy — warranty in, how effect of, avoided.*

To justify the court in reforming a contract, the mistake must be one made by both parties to the agreement, so that the intentions of neither are expressed in it.

Knowledge on the part of an agent of an insurance company of its falsity, is not enough to relieve the insured from the effect of a warranty ; there must be a mistake of one party, whereby his intentions have failed of correct expression, and fraud in the other party in taking advantage of that mistake.

The proof of mistake should be so clear and convincing as to leave no room for doubt.

APPEAL by the defendant from a judgment entered in favor of the plaintiff, at the Rensselaer Circuit, and from an order denying defendant's motion for a new trial.

*Matthew Hale*, for the appellant.

*Esek Cowen*, for the respondent.

LEARNED, P. J.:

This action is brought to reform a policy of insurance and to recover for a loss under the policy as reformed. The reformation which is asked for is that the interest of the plaintiff in the property be stated to be that of an equitable owner only having a contract for the purchase. The policy contains a clause that if the assured is not the sole, absolute and unconditional owner by title in fee

simple, and this fact is not expressed in the written portion of the policy, the policy shall be void. In fact, the plaintiff held only a contract for the purchase of the land, and nothing of this kind is stated. The plaintiffs, therefore, seek a reformation of the policy; and after such reformation, then they ask a recovery for the loss. (*Rohrbach* v. *Germania Ins. Co.*, 62 N. Y., 47.)

The reformation of contracts in equity is contrary to the rule which excludes parol evidence to vary written contracts. (1 Story Eq., § 154.) Since law and equity are administered in the same court, and under the same form of action, there is danger that the right to reform a contract in case of mistake, may be extended so as to break down that most salutary rule.

We must then limit this right of reforming contracts by the strict doctrine laid down in *Bryce* v. *Lorillard Fire Insurance Company* (55 N. Y., 240).

1. The mistake must be one made by both parties to the agreement, so that the intentions of neither are expressed in it. That is, to apply the rule to the present case, the parties must have come to a full agreement between themselves to insure the plaintiff's equitable interest; and by mistake the policy must have failed to express that agreement. Now, there is no finding of the court on this point. Besides the general verdict, the only finding is this; that the jury found that at the time of obtaining the policy, or prior thereto, the plaintiff notified the defendant's agent of the nature of his interest. This fails to find an agreement between the parties to insure such interest. It does not find that the parties agreed to something which was different from that which was afterwards expressed in the contract. (*Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y., 453.)

The knowledge of the agent has been held not enough to destroy the effect of a warranty. (*Alexander* v. *Germania Ins. Co.*, MS., Co. Appeals.) And so the mere knowledge (found by the jury) of the defendant's agent in this case, does not alone establish the agreement claimed by the plaintiff. (*Hughes* v. *Mercantile Fire Ins. Co.*, 55 N. Y., 255–2.)

The mistake must be that of one party by which his intentions have failed of correct expression, and there must have been fraud in the other party in taking advantage of that mistake. (*Bryce* v. *Lorillard Ins. Co.*, *ut supra.*) And here, too, the present case fails

to come within the rule. There is no finding of fraud on the part of the defendants, and there is no evidence of such fraud.

But again, it has been settled that the proof of mistake "should be so clear and convincing as to leave no room for doubt." (*Mead* v. *Westchester Ins. Co., ut supra.*) There is no safety if the written agreements of parties can be disregarded under pretense of reforming them, and on proof which is contradictory. In the present case, no proof which can be called unquestionable is presented. The plaintiff and his brother testify that he stated his equitable title. The insurance agent and clerk deny this. The memorandum or entry in the register, made at the time, does not state this equitable interest. And the policy made and delivered at the time, contains no allusion to it. The plaintiff fails to give that entirely satisfactory proof of mistake, which alone authorizes the reformation of a contract. Relief cannot be granted where the evidence is loose, equivocal or contradictory. (1 Story Eq., §§ 152, 157.)

After this case had been tried, and a verdict rendered, a motion was made by the defendant for a new trial on a case and exceptions, which was denied. There has been no formal decision made by the learned justice who tried the case on the question whether or not the policy should be reformed. But as the whole matter thus came before him, it is reasonable to understand that the learned justice intended to hold that the policy ought to be reformed in the manner asked by the complaint.

As is pointed out in *Vermilyea* v. *Palmer* (52 N. Y., at 474, 475), only one specific question of fact was to be tried by the jury. The issue in the case was one to be tried by the court. (Code, §§ 253, 254.) For the complaint demanded equitable relief. The finding of the jury, therefore, on that question of fact, must, " if approved by the court, become by adoption the finding of the court." The case comes before us then as an equity case on the facts. (*Birdsall* v. *Patterson*, 51 N. Y., 43; *Vermilyea* v. *Palmer, ut supra*, p. 475.)

We are of opinion, as stated above, that no proof was given which would warrant the reformation of the policy. In numbers, the witnesses were balanced. In prejudices, the balance, if there was any, was against the plaintiff.

The judgment should be reversed and a new trial granted, costs to abide the event.

BOCKES, J. (dissenting):

This case is not without its difficulties; but I am still of the opinion, entertained by me on the argument, that the judgment should be affirmed. I am of the opinion that a case was made for a reformation of the policy in the particulars claimed by the plaintiff; or rather that a case was made for the jury on the facts in that regard. We should then accept the case as it stands upon the verdict. On the evidence submitted, the jury found that the plaintiff at the time, applied for insurance, informed the defendant's agent, through whom he obtained his policy, of the true nature of his title and interest in the property; and also rendered a general verdict in the plaintiff's favor. The verdict, therefore, is to the effect that the plaintiff applied for an insurance on the property, truly and fully stating his title and interest in it, and that the defendant accepted his proposition, took the premium demanded, and gave him his policy; which, however, either through fraud or mistake, erroneously described such title and interest. The evidence is sufficient, I think, to uphold this verdict. Now, it cannot be denied that the parties negotiated for an insurance upon the property; nor can it be denied (over the verdict) that the plaintiff gave his title and interest in it correctly. His statement as to what he wished the policy to cover, and in what respect he desired indemnity against loss, was correct and full. His proposition for insurance was accepted by the defendant, with the premium demanded therefor. Now, in the absence of all intentional wrong or fraud on the part of the defendant, and have we not the precise case stated by Judge RAPALLO, that if the defendant intended to insure the plaintiff's interest, and received the premium for that insurance, but by a clerical error a wrong description was inserted in the policy, a case would be made out for reformation? (64 N. Y., 453, on p. 457.) It seems to me that we have precisely such case; that is, waiving the question of fraud; that view being the most favorable one for the defendant. There then was an error or mistake by which the intention of the parties have failed of true expression. It is then a proper case for reformation of the policy to the end that the intention of the parties may be truly set forth therein.

If this branch of the case be found in the plaintiff's favor on the papers presented, the record is, in my judgment, free from error

I am of the opinion that the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed and new trial granted, costs to abide event.